## BIRD *vs.* BOHANNON'S ADMINISTRATOR.

1. A claim allowed against an insolvent estate for money paid by mistake, under these facts: The creditor, as administrator of the estate of the decedent's father, paid to the decedent's trustee (she being then a married woman) the distributive share of one of her brothers, which was supposed by all the parties to have been assigned to her husband for her separate use, and was afterwards compelled to pay it again to her husband's administrator, upon proof that the assignment was to the husband in his own right, and not for the separate use of his wife.

APPEAL from the Court of Probate of Mobile.

THE appellant filed a claim for $600 against the estate of Nancy Bohannon, deceased, which had been reported insolvent; but the court disallowed the claim, under the following state of facts, as shown by the bill of exceptions: Mrs. Bohannon was the daughter of one Jesse Bass, and before her intermarriage with Bohannon had been the wife of one Peyton R. Prichard, who died insolvent. Her father died during the life-time of Prichard, leaving a considerable estate, and several children to inherit it, among whom were Barnabas Bass and Mrs. Bradberry. Barnabas Bass assigned all his interest in his father's estate to Prichard in his life-time.— Prichard died, and his widow married Bohannon before the final distribution of the estate of Jesse Bass deceased. Bohannon made a settlement of property on his wife, including the portion of Barnabas Bass in the estate of Jesse Bass deceased, and appointed in the deed of settlement George R. Evans trustee for Mrs. Bohannon. The appellant, William E. Bird, was administrator of Jesse Bass deceased, and made final settlement thereof after the deed of settlement made by Bohannon in which G. R. Evans was trustee. Evans claimed

the portion of Barnabas Bass in Jesse Bass' estate, amounting to $600, for Mrs. Bohannon, and Bird paid it to him, taking his receipt for it as trustee for Mrs. Bohannon ; and Evans paid the money to Mrs. Bohannon. Up to this time, all the parties acted under the belief that the assignment of his interest in his father's estate made by Barnabas Bass to Prichard, was made to the latter for the sole and separate use of his wife, who was afterwards Mrs. Bohannon. After this payment by Bird to Evans, and by the latter to Mrs. Bohannon, Evans and Mrs. Bohannon both died, and the appellee became the administrator of the latter, and reported her estate insolvent. After the deaths of Mrs. Bohannon and Evans, one Minter, who was administrator of Peyton Prichard, claimed Barnabas Bass' interest in Jesse Bass' estate, and on showing that it had been assigned by Barnabas Bass to Prichard in his own right, and not for the benefit of his wife, as had been supposed, obtained a decree for it, amounting to $600, against Bird as administrator of Jesse Bass deceased, who paid the money on that decree; thus paying it twice, once to Evans for Mrs. Bohannon, and a second time to Minter, administrator of Prichard. Bird then made out and presented the account here in controversy against the estate of Mrs. Bohannon, and here assigns for error the decree of the Probate Court, rejecting his claim.

Jno. T. Taylor, for appellant.

C. P. Robinson, contra.

LIGON, J.—The sole question in this case is, whether the testimony is sufficient to authorize the allowance of the appellant's claim. We think it is. There can be no doubt that the money claimed was paid under a mistake of the rights of Mrs. Bohannon, and an ignorance of those of the administrator of Prichard, and this mistake was common to all the parties. Under such circumstances, Bird could have recovered the amount of Mrs. Bohannon in an action for money had and received ; and as this is the case, the judge of probate should have allowed the claim on the settlement of her estate, which had been reported insolvent.

Let the decree be reversed, and the cause remanded.